UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RESORT ASSOCIATES, LLC, *et al.*,

     Plaintiffs,

     v.

UNITED STATES LIABILITY
INSURANCE COMPANY,

     Defendant.

Civ. No. 25-2011 (RK)(JBD)

MEMORANDUM ORDER

In this action to determine an insurance carrier's coverage obligations under an insurance policy, plaintiffs Resort Associates, LLC, *d/b/a* Massage Heights ("Resort Associates"), Ronald O'Malley, and James Gumina move for leave to file an amended complaint. [Dkt. 23.] Defendant United States Liability Insurance Company ("USLI") opposes the motion. [Dkt. 29.] The Court has carefully considered the parties' submissions and applicable law and heard argument during a telephone status conference on February 19, 2026. For the reasons that follow, the Court will deny plaintiffs' motion to amend.

## I.    BACKGROUND

This case concerns whether USLI must provide defense and indemnity coverage to plaintiffs in connection with a tort lawsuit pending against them in New Jersey state court. [Dkt. 1-1.] Resort Associates is a day spa offering massage services. [Dkt. 1-3] at 2, 73. USLI is an insurance company that offers commercial liability insurance for, among other things, small- to medium-sized businesses and nonprofit organizations. *See generally id.* Relevant here, plaintiffs purchased an

insurance policy (the "Policy") from USLI for the business.  *Id.*  The Policy provided coverage for general commercial liability and professional liability for the period relevant to this case.  *Id.*

On June 26, 2023, a Resort Associates patron, C.S., sued plaintiffs in the Superior Court of New Jersey, Monmouth County.  *See C.S. v. Massage Heights, et al.,* Civ. No. MON-L-1966-23 (the "*C.S.* Action").  C.S. alleged that a male therapist sexually assaulted her during a massage at Resort Associates. [Dkt. 23-3.]  Pursuant to a provision in the professional liability coverage part of the Policy, entitled "Defense for Allegations of Patient Molestation Coverage Endorsement," USLI undertook to defend plaintiffs in the *C.S.* Action.  [Dkt. 1-1] ¶¶ 14, 16, 24.  However, plaintiffs exhausted the $100,000 cap under that part of the Policy, and, invoking a "Molestation or Abuse Exclusion," USLI thereafter declined to extend coverage under the commercial general liability coverage part of the Policy.  *Id.* ¶¶ 21-27.  Consequently, USLI ceased its defense of plaintiffs in the *C.S.* Action.  *Id.*

While the *C.S.* Action was pending, on December 24, 2024, another Resort Associates patron, Jane Doe, sued plaintiffs in the Superior Court of New Jersey, Monmouth County.  [Dkt. 23-4]; *Jane Doe, et al. v. Resort Associates, LLC, et al.,* Civ. No. MON-L-4330-24 (the "*Doe* Action").  Jane Doe alleged that the same therapist sexually assaulted her during a massage at Resort Associates. [Dkt. 23-4.]  From the outset, USLI disclaimed any obligation to defend plaintiffs in the *Doe* Action.  [Dkt. 23-5] ¶ 36; [Dkt. 29] at 6.

2

On January 29, 2025, plaintiffs brought this declaratory judgment action in the Superior Court of New Jersey, Monmouth County.  [Dkt. 1] ¶ 1; [Dkt. 1-1]. In their complaint, plaintiffs allege that USLI is required to continue defending them in the *C.S.* Action under the commercial general liability coverage part of their Policy.  [Dkt. 1-1.]  Plaintiffs accordingly seek a declaration of insurance coverage with respect to USLI's decision to cease defending them in the *C.S.* Action and resulting damages.  *Id.*  The operative complaint makes no reference to the *Doe* Action.  *Id.*

On March 21, 2025, USLI removed the case to this Court on the basis of diversity jurisdiction.  [Dkt. 1.]  On October 1, 2025, the Court held a joint initial conference in this case and *Resort Assocs. LLC v. Phila. Ins. Cos.*, Civ. No. 25-1916 (the "*Philadelphia* Action")—a related case in which plaintiffs also sought a declaration of defense and indemnity coverage from another insurance carrier, Philadelphia Insurance Companies ("Philadelphia"), under a different policy in connection with the *C.S.* Action.  [Dkts. 10-11.]  During that conference, the parties agreed that, given the nature of the cases, they would forego discovery and proceed directly to summary judgment.  The Court accordingly granted the parties leave to file dispositive motions and set a briefing schedule.  [Dkts. 12, 15.]  Pursuant to the schedule, USLI moved for summary judgment, and plaintiffs opposed. *See* [Dkts. 16-20.]  Briefing on the motion was complete as of February 2, 2026, and the motion remains pending.  *Id.*

One week after the close of summary judgment briefing, plaintiffs filed identical letters in this case and the *Philadelphia* Action requesting leave to file a motion to amend their respective complaints to name C.S. and Jane Doe as defendants.  [Dkt. 21] at 1; *Philadelphia* Action, [Dkt. 21] at 1.  Invoking the New Jersey Declaratory Judgment Act, plaintiffs argued that each individual "ha[s] an interest which would be affected by a declaration in [each] matter and, as such, should be named as parties in accordance with N.J.S.A. 2A:16-56."  [Dkt. 21] at 1; *Philadelphia* Action, [Dkt. 21] at 1.  USLI vehemently opposed Plaintiffs' request, arguing that it was "a tactic designed to delay this Court's consideration of USLI's motion for summary judgment."  [Dkt. 22] at 1.[1]  USLI also asserted that plaintiffs should have filed a formal motion for leave to amend pursuant to the Federal Rules of Civil Procedure and this Court's Local Civil Rules.  *Id.*  In response, plaintiffs filed formal motions for leave to amend in this case and the *Philadelphia* Action, and on February 19, 2026, the Court held a joint telephone status conference to address the motions.  [Dkts. 23, 24]; *Philadelphia* Action, [Dkts. 23, 24].

During that telephone status conference, the Court heard argument from counsel regarding plaintiffs' proposed amendments.  Given the parties' conflicting positions, the Court set a formal briefing schedule on plaintiffs' motion for leave to amend.  [Dkt. 26.]  The Court directed the parties also to address, among other things, the Supreme Court's recent decision in *Berk v. Choy*, 146 S. Ct. 546 (2026),

---

[1]    For similar reasons, Philadelphia opposed plaintiffs' request for permission to file a motion for leave to amend in the *Philadelphia* Action.  *Philadelphia* Action, [Dkt. 22] at 1-2.

and whether the New Jersey Declaratory Judgment Act governs the Court's

analysis of whether joinder of C.S. and Jane Doe is required here.  *Id.*  The parties

completed the briefing on March 31, 2026.  [Dkts. 23, 29, 32.][2]

## II.    DISCUSSION

Plaintiffs seek leave to amend the complaint to add claims related to the

*Doe* Action and to add C.S. and Jane Doe as defendants.  [Dkt. 23.]  In support of

their motion, plaintiffs contend that C.S. and Jane Doe are necessary and

indispensable to this action because they are interested parties.  [Dkt. 23-6] at 4-6.

Plaintiffs reason as follows:  C.S. and Jane Doe seek judgment against plaintiffs in

similar state court actions; this case concerns USLI's denial of coverage for a

defense and indemnity in the *C.S.* Action; both C.S. and Jane Doe thus have an

interest that would be affected by a declaration of USLI's coverage responsibilities

in this case because such a declaration would impact an available source of funds to

satisfy a potential judgment obtained in the underlying tort actions.  *Id.* at 5-6; *see*

*also* [Dkt. 32] at 8-10.  Accordingly, plaintiffs argue that C.S. and Jane Doe are

interested parties and must be joined as defendants pursuant to the New Jersey

Declaratory Judgment Act.  [Dkt. 23-6] at 4-6.

USLI opposes plaintiffs' motion to amend.  [Dkt. 29.]  USLI argues that

Federal Rule of Civil Procedure 19, not the New Jersey Declaratory Judgment Act,

governs whether C.S. and Jane Doe must be joined as parties to this action.  *Id.* at

---

[2]    Plaintiffs voluntarily dismissed the *Philadelphia* Action after the
February 19 telephone conference but before the completion of briefing on the
motion to amend.  The Court therefore resolves only the motion to amend pending
in this case.

8-10. Because the only interest that C.S. and Jane Doe have in this action is based on the potential availability of insurance proceeds for recovery against plaintiffs in the underlying state tort actions, USLI argues that their interest is insufficient to satisfy the requirements of Rule 19. *Id.* at 10-11. USLI also argues that plaintiffs' motion should be denied under Federal Rule of Civil Procedure 15 and 28 U.S.C. § 1447(e). *Id.* at 11-13.

The parties' arguments require the Court to determine in the first instance whether federal- or state-court joinder rules apply in this forum in this case. Once the Court identifies the applicable governing rule or rules, it then applies those rules and determines whether joining C.S. and Jane Doe to this action is required or otherwise appropriate.

### A. Choice of Law

### 1. Legal Standards

When a case is in federal court on the basis of diversity jurisdiction, "the federal court faces a choice-of-law problem: whether to apply state or federal law." *Berk v. Choy*, 146 S. Ct. 546, 552 (2026). Under the *Erie* doctrine, federal courts sitting in diversity must apply substantive state law and federal procedural law. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). But as the Supreme Court recently emphasized, "when a Federal Rule of Civil Procedure is on point, a federal court bypasses *Erie*'s inquiry altogether . . . because the Rules of Decision Act dictates that state substantive law must yield if the Constitution, a treaty, or a statute 'otherwise require[s] or provide[s]' . . . [a]nd the Rules Enabling Act, which authorizes the

6

Supreme Court to adopt uniform rules of procedure for district courts, provides for the application of federal law.'" *Berk*, 146 S. Ct. at 552 (citations omitted).

Accordingly, "a valid Rule of Civil Procedure displaces contrary state law even if the state law would qualify as substantive under *Erie*'s test." *Id.* (citing *Hanna*, 380 U.S. at 469-474). To determine whether a Federal Rule displaces state law, the Court must "first ask whether the Federal Rule answers the question in dispute" according to its "plain meaning." *Id.* (quoting *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010)) (cleaned up). "If a Federal Rule answers the disputed question, it governs, unless it 'exceeds statutory authorization or Congress's rulemaking power.'" *Id.* at 552-53 (quoting *Shady Grove*, 559 U.S. at 398). To make that determination, "we use a modest test: whether the Federal Rule 'really regulates procedure.'" *Id.* at 556 (quoting *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941)). "[P]ut differently, '[w]hat matters is what the Rule itself *regulates*: If it governs only the manner and the means by which the litigants' rights are enforced, it is valid." *Id.* (quoting *Shady Grove*, 559 U.S. at 407) (cleaned up).

### 2.    Analysis

The parties dispute whether federal joinder rules or joinder rules set forth in the New Jersey Declaratory Judgment Act apply here.  Plaintiffs, on one hand, argue that the New Jersey Declaratory Judgment Act applies, and that C.S. and Jane Doe must be joined as defendants pursuant to N.J.S.A. 2A:16-56 and N.J.S.A. 2A:16-57.[3]  [Dkt. 23-6] at 5-6; [Dkt. 32] at 4-9.  USLI, on the other hand, contends that Federal Rule of Civil Procedure 19 governs compulsory joinder in federal declaratory judgment actions like this one, and because C.S. and Jane Doe are not indispensable or necessary under Rule 19, they should not be joined as defendants.  [Dkt. 29] at 8-11.  Because plaintiffs and USLI argue that different standards for compulsory joinder apply and that the application of these competing standards would produce a different outcome, the Court must determine as an initial step whether to apply federal- or state-court joinder rules.  For two overlapping reasons, the Court agrees with USLI and concludes that the state statute's joinder rules do not apply.

First, as noted, under *Erie*, federal courts sitting in diversity must apply federal procedural law.  *Hanna*, 380 U.S. at 465 (1965) (citing *Erie*, 304 U.S. 64).  "The federal Declaratory Judgment Act and the New Jersey Declaratory Judgment Act are [both] procedural in nature."  *Martinez v. Jefferson Cap. Sys., LLC*, Civ. No.

---

[3]    N.J.S.A. 2A:16-56 provides that "[w]hen declaratory relief is sought, all persons having or claiming any interest which would be affected by the declaration shall be made parties to the proceeding," and N.J.S.A. 2A:16-57 provides that "[n]o declaratory judgment shall prejudice the rights of persons not parties to the proceeding."

23-22367 (JKS), 2024 WL 3548943, at *2 n.3 (D.N.J. July 26, 2024) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)).  Accordingly, "when a plaintiff seeks a declaratory judgment under state law and the action is removed to federal court, such as here, the matter 'is treated as though it had been filed under the [federal declaratory judgment act].'"  *Id.* (quoting *BCB Bancorp, Inc. v. Progressive Cas. Ins. Co.*, Civ. No. 13-1261 (JAD), 2013 WL 8559731, at *3 (D.N.J. Oct. 8, 2013)); *accord Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 281 n.4 (3d Cir. 2017) ("[W]e agree with the District Court that because federal courts apply federal procedural law in federal actions, the federal declaratory judgment act and not state declaratory judgment law supplies the procedural law that governs this case.").  Thus, "the procedural law governing the Federal Declaratory Judgment Act," as opposed to the New Jersey Declaratory Judgment Act, "controls" here.  *Sun Chem. Corp. v. Am. Home Assurance Co.*, Civ. No. 20-6252 (SRC), 2020 WL 5406171, at *5 (D.N.J. Sept. 9, 2020).

Because the federal Declaratory Judgment Act applies, Federal Rule of Civil Procedure 57 is also implicated.  Rule 57 directs that "[t]hese [federal] rules govern the procedure for obtaining a declaratory judgment[.]"  Fed. R. Civ. P. 57; *see also* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts . . . .").  Consequently, Federal Rule of Civil Procedure 19, discussed in more detail below, is the applicable rule of procedure to determine whether a party is necessary and indispensable and must be joined.  *Sun*, 2020 WL 5406171, at *5.

9

Second, the Supreme Court's recent decision in *Berk* reinforces the Court's conclusion that federal procedural law governs here.  Even if this suit ostensibly remained one brought under the New Jersey Declaratory Judgment Act, and even if that statute is considered substantive and not procedural, Rule 19 still would govern because Rule 19 and the state statute answer the same question:  whether a non-joined party must be added to a declaratory judgment action pending in federal court.  Accordingly, consistent with *Berk*, Rule 19 displaces N.J.S.A. 2A:16-56 and N.J.S.A. 2A:16-57 and governs the compulsory joinder analysis in this case "so long as [Rule 19] is valid under the Rules Enabling Act[.]"  *Berk*, 146 S. Ct. at 556 (citing 28 U.S.C. § 2072(b)).  And plaintiffs do not, and cannot, establish that Rule 19 is an invalid procedure rule.  "To determine whether a Rule is valid under the Rules Enabling Act, the only question is whether it 'really regulates procedure.'"  *Id.* at 557 (quoting *Sibbach*, 312 U.S. at 14).  The Supreme Court has "rejected every statutory challenge to a Federal Rule that has come before it," and Rule 19 details only "the manner and means" by which a party is required to be joined as a party to a federal action.  *Id.* at 556 (citing *Shady Grove*, 559 U.S. at 407 and collecting cases).  The Court thus has little trouble concluding that Rule 19 "really regulates procedure" and is therefore valid.  *Id.*

For these reasons, under both the *Erie* doctrine and the Supreme Court's recent decision in *Berk*, the Court reaches the same conclusion:  Federal procedural law governs the question presented here.  The Court therefore analyzes whether joinder is required under Federal Rule of Civil Procedure 19, not the New Jersey

10

Declaratory Judgment Act.  For largely the same reasons, the Court also applies federal procedural law to determine whether permissive joinder of C.S. and Jane Doe is appropriate.

### B.    Compulsory Joinder

#### 1.    Legal Standards

Rule 19(a)(1) sets forth the first step in the compulsory joinder analysis. It provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined" to an action if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i)    as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii)   leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).  "[C]omplete relief," within the meaning of Rule 19(a)(1)(A), "is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought." *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir. 1996).  "Furthermore, in determining completeness of relief, a court must consider only the claims in the operative pleading at the time joinder is sought." *Blue Gentian, LLC v. Tristar Prods., Inc.*, Civ. No. 13-1758 (MAH), 2024 WL 4719560 (D.N.J. Nov. 8, 2024) (citing

11

*Cooley v. Lisman*, No. 16-4499 (LHG), 2019 WL 11288454, at *4 (D.N.J. Feb. 28, 2019)).

Even if complete relief can be accorded to the existing parties in the non-joined party's absence, a non-joined party still may be "necessary" under Rule 19(a)(1)(B) because, consistent with the text, courts apply subparts (A) and (B) disjunctively. *Koppers Co. v. Aetna Cas. & Sur. Co.,* 158 F.3d 170, 175 (3d Cir. 1998) ("As Rule 19(a) is stated in the disjunctive, if either subsection is satisfied, the absent party is a necessary party that should be joined if possible."). Given Rule 19(a)(1)(B)'s focus on the non-joined party's "interest" in the litigation, it is important to understand what "interest" qualifies. The Third Circuit has held that "state law may provide assistance in determining the interests of the party in question, but ultimately, the court's decision as to whether the party should be joined is a matter of federal law." *Shetter v. Amerada Hess Corp.*, 14 F.3d 934, 937 (3d Cir. 1994) (citation omitted). Critically, though, a non-joined parties' claimed interest must be "a legally protected interest in the action; a [prospective] financial interest is not sufficient." *Antico v. RAM Payment, L.L.C.*, Civ. No. 20-12130 (CPO), 2022 WL 971724, at *7 (D.N.J. Mar. 31, 2022) (citing *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 228, 230 (3d Cir. 2005)).

Rule 19(b), in turn, directs what to do if a court determines that joinder is necessary under Rule 19(a) but not "feasible" because, for example, joinder will destroy diversity jurisdiction. Fed. R. Civ. P. 19(b). In that situation, the court considers several factors to "determine whether, in equity and good conscience,

12

the action should proceed among the existing parties or should be dismissed." *Id.*

Those factors include:

> (1)   the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2)   the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;
>
> (3)   whether a judgment rendered in the person's absence would be adequate; and
>
> (4)   whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.*

### 2.    Analysis

In this case, the Court can award "complete relief among [the] existing parties" without C.S. or Jane Doe's involvement in this case.  Fed. R. Civ. P. 19(a)(1)(A).  The allegations in the operative complaint concern only the respective contractual obligations between USLI and plaintiffs—the entities and individuals that are party to, or covered by, the Policy at issue.  *See generally* [Dkt. 1-1]. "A declaratory judgment is appropriate when it will 'terminate the controversy' giving rise to the proceeding.'"  *Wakefern Food Corp. Inc. v. Shopper Mktg. Network, Inc.*, Civ. No. 17-1656 (MCA), 2018 WL 5307812, at *3 (D.N.J. Oct. 25, 2018) (quoting 28 U.S.C. § 2201 and then citing Fed. R. Civ. P. 57).  Because the operative

complaint "does not state any claims or make any allegations" against C.S. or Jane Doe, "it appears that full relief can be granted in their absence." *Antico*, 2022 WL 971724, at *7. Indeed, plaintiffs do not seriously challenge the Court's ability to accord complete relief to the existing parties without joining C.S. or Jane Doe to this case.

Plaintiffs do contend, however, that C.S. and Jane Doe must be joined here because they have an interest in the financial impact that a declaratory judgment regarding the Policy may have, since the Policy is a potential source of money for compensation if they are successful in their underlying state tort suits. [Dkt. 23-6] at 5-6; [Dkt. 32] at 6-9. Specifically, plaintiffs argue, in relevant part, that "if the [C]ourt enters an order herein granting declaratory relief to [USLI] and thereafter C.S. and/or Jane Doe obtain a judgment versus plaintiff[s] and pursue a direct action against [USLI]" for funds, "as a practical matter, [USLI] will raise as a defense the subrogation of the rights of C.S. and/or Jane Doe to that of [plaintiffs] herein resolved by entry of the declaratory judgment." [Dkt. 32] at 9. Similarly, plaintiffs argue that "the interests of CS and Jane Doe may be affected by the settlement of the matter between plaintiff[s] and [USLI]." *Id.* at 8. The Court disagrees with plaintiffs and concludes that neither C.S. nor Jane Doe have a sufficient interest in this case requiring their joinder under Rule 19(a)(1)(B).

Initially, Jane Doe presently does not have *any* interest in this case. Although USLI disclaimed any obligation to defend plaintiffs in the *Doe* Action, [Dkt. 29] at 6, the operative complaint makes no reference to that litigation;

the facts alleged, and ultimate relief requested in the complaint, concern the *C.S.* Action only. [Dkt. 1-1.] Thus, Jane Doe's absence from this action does not impede her ability to protect any interest in this case, because she presently has none. Fed. R. Civ. P. 19(a)(1); *see also Antico*, 2022 WL 971724, at *8 (denying joinder under Rule 19(a) where, among other things, "the determination of [d]efendants' rights under their contracts with [p]laintiff d[id] not impede, impair, or even implicate, the interests of any [non-joined parties]," and "there [wa]s no substantial risk of multiple or inconsistent judgments.").[4]

With respect to C.S., the Court concludes that she does not have a protectable legal interest in this case. Although this case has an obvious connection to the underlying *C.S.* Action, in that plaintiffs here seek a declaration (and corresponding monetary relief) regarding USLI's obligation to defend and/or indemnify them in that action, this litigation has nothing to do with C.S.'s rights specifically. This case concerns only whether USLI must provide *plaintiffs* with a defense or indemnity under the applicable Policy for an incident that happened during Resort Associates' business operations. "Only [plaintiffs] made a claim for coverage; [C.S.] did not make a claim for coverage or for proceeds from the [P]olicy and her legal interests are not impacted by [plaintiffs'] request for a defense." *State Farm Fire & Cas. Co. v. Vanaman*, Civ. No. 10-1565 (JHR), 2012 WL 959421, at *4 (D.N.J. Mar. 20, 2012)

---

[4]    As discussed in Section II(C) below, the Court denies plaintiffs' request to amend the complaint to add to this case issues and parties related to the *Doe* Action. And in any event, even if the operative complaint did implicate the *Doe* Action, the Court would still conclude that Jane Doe is not a necessary party for the same reasons that it determines below that joining C.S. is not required here.

15

(denying motion to join plaintiff in underlying wrongful death suit to federal declaratory judgment action seeking a declaration that an insurer had to provide the insured-tortfeasor with a defense or indemnification in the underlying suit where the plaintiff in the underlying action "never made a claim under the [relevant] policy and the [policy] [wa]s not part of or implicated in the ongoing wrongful death action" in state court).[5]

Indeed, plaintiffs themselves acknowledge that the fundamental issue at stake in this case "is whether there is coverage being afforded to plaintiff[s] at all," and "not whether there is a fund from which C.S. or Jane Doe could eventually recover." [Dkt. 32] at 6. That C.S. may potentially attempt to recover funds from USLI to satisfy a potential judgment in the underlying *C.S.* Action (pending many contingencies) is a hypothetical and speculative prospect not before the Court, and C.S. presently lacks the ability to sue USLI on a judgment that she does not have. Accordingly, the Court need not take steps to protect a hypothetical right that may never come to fruition. *Cf. Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 325 (1936) (a "controversy" must necessarily be "of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts."); *Twal v. Gomez*, Civ. No. 25-8775 (MAS), 2025 WL 3707524, at *2-3 (D.N.J. Dec. 22, 2025) (noting that "[u]nder New Jersey law, an individual or entity that is a stranger to an insurance policy has no right to recover policy proceeds," and that "unless an

---

[5]    It also merits observation that neither C.S. nor Jane Doe has sought to intervene in this action on their own behalf.

insured has assigned its rights, a third party may not proceed against the insurer." (cleaned up).

As noted above, "[u]nder Rule 19(a)(2), a party is only 'necessary' if it has a legally protected interest in the action; a [prospective] financial interest is not sufficient." *Antico*, 2022 WL 971724, at *7 (citing *Treesdale*, 419 F.3d at 228, 230 ("The declaratory judgment action turns on the interpretation of the contracts of insurance between [insured] and [insurer].  It has nothing to do with whether [the insured] caused asbestos-related bodily injuries to [plaintiffs in the underlying tort lawsuits] or anyone else.")).  C.S. is not a party to the Policy, has not been assigned rights under the Policy, and does not presently have a judgment against plaintiffs.  At this juncture, C.S.'s interest in this matter is a future, contingent, financial one, not a protectable legal one.

Case law further supports the conclusion that a plaintiff in an underlying tort action need not be joined in federal litigation to resolve a dispute about defense or indemnity insurance coverage for the alleged tortfeasor in the underlying action. For example, *Sun Chemical Corporation v. American Home Assurance Company* involved a similar situation in which this Court rejected a party's request to add a non-joined party to a federal declaratory judgment action regarding insurance coverage.  2020 WL 5406171, at *4-5.  As here, the non-joined party's sole interest in the action was based on the potential availability of insurance proceeds for recovery against the plaintiff in a separate case, in which the non-joined party had demanded that the plaintiff indemnify it for various environmental claims, and

17

plaintiff sought insurance coverage from the defendant insurance companies in the federal action. *Id.* The Court explained that although the plaintiff in the underlying action "may have a potential financial interest as to the outcome of [the insurance] litigation," that potential financial interest "does not make [it] a necessary [ ] party to [the federal insurance] matter." *Id.* at *5. Other courts have reached similar conclusions on like reasoning. *See Vanaman*, 2012 WL 959421, at *4; *Acceptance Indem. Ins. Co. v. JJA Auto Sales LLC*, 716 F. App'x 134, 136 (3d Cir. 2018) (not precedential) (affirming district court's conclusion that Rule 19 did not "require[] joinder" of a plaintiff in the underlying state tort action in federal declaratory judgment action regarding insurance coverage as to that tort action); *State Farm Fire & Cas. Co. v. Macchia*, Civ. No. 22-00876 (MJS), 2022 WL 1720132, at *4 n.4 (D.N.J. May 27, 2022) (concluding that state court tort plaintiff need not be joined under Rule 19 because "she ha[d] no legally protected interest relating to the subject of th[e] federal [declaratory judgment] action and only a contingent financial interest." (collecting cases)). The Court agrees with this reasoning.[6]

*

---

[6]    Plaintiffs point out that the 1937 Advisory Committee Note to Rule 57 explains that "all parties having an interest [in the declaration sought in a declaratory judgment action] or adversely affected must be made parties or be cited," generally tracking the language of N.J.S.A. 2A:16-56. That is true enough. Despite the committee note language, however, Rule 57's text provides that "[t]hese Rules govern the procedure for obtaining a declaratory judgment under [the federal declaratory judgment act]." Fed. R. Civ. P. 57. As the Court has explained above, that means that Rule 19 applies here. And Third Circuit and other persuasive precedent regarding Rule 19 demonstrates that plaintiffs in underlying tort actions do not have the requisite legal interest in a federal declaratory judgment action concerning insurance coverage to make them necessary and indispensable parties.

18

The Court concludes that C.S. and Jane Doe are not necessary parties to this litigation under Rule 19(a).  Because they "are not necessary parties, they [also] cannot be found to be indispensable" under Rule 19(b); "thus[,] the analysis stops here."  *Antico*, 2022 WL 971724, at *8.  Accordingly, the Court concludes that Rule 19 does not require joining C.S. and Jane Doe.

## C.    Permissive Joinder

C.S. and Jane Doe are not required parties under Rule 19, but the Court also must consider whether to permit plaintiffs to amend their complaint under Federal Rules of Civil Procedure 15 and 20, and 28 U.S.C. § 1447(e).[7]

Plaintiffs argue that "the interest of justice requires that C.S. and Jane Doe be made parties to this proceeding so that their interests are adjudicated in accordance with N.J.S.A. 2A:16-56 and to avoid subsequent litigation regarding the scope of any declaration made in the light of N.J.S.A. 2A:16-57."  [Dkt. 23-6] at 6-7.  USLI, by contrast, contends that Plaintiffs' motion for leave to amend is "untimely and prejudicial to USLI."  [Dkt. 29] at 11.  USLI further argues that amendment is improper under Section 1447(e).  *Id.* at 11-13.

### 1.    Legal Standards

Federal Rule of Civil Procedure 15 provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Where a party seeks leave to amend, courts

---

[7]    The parties do not raise permissive joinder under Rule 20.  In any event, the Court does not permit amendment under Rule 20 for largely the same reasons set forth in its Rule 15 analysis below.  *See Cooley*, 2019 WL 11288454, at *5 (conducting Rule 20 analysis similar to the Rule 15 analysis.

should take "a liberal approach" and freely grant leave "when justice so requires." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486 (3d Cir. 1990) (citing Fed. R. Civ. P. 15(a)(2)). This liberal standard reflects a preference "that claims will be decided on the merits rather than on technicalities." *Arista Recs., Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 419 (D.N.J. 2005) (citations omitted). Accordingly, the Court may deny a motion to amend only where there is (i) undue delay; (ii) bad faith or dilatory motive; (iii) undue prejudice; (iv) repeated failures to cure deficiencies; or (v) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Relevant here, the Third Circuit has explained that "[t]he mere passage of time does not require that a motion to amend a complaint be denied . . . . In fact, delay alone is an insufficient ground to deny leave to amend." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001) (citations omitted). "The district court has discretion to deny the request only if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) (citation omitted). "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave [to amend], when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Id.* (citing *Cureton*, 252 F.3d at 273). "Thus, while bearing in mind the liberal pleading philosophy of the federal rules, the question of undue delay requires that [the Court] focus on the movant's reasons for not amending sooner." *Cureton*, 252 F.3d at 273 (citation omitted).

20

The Court then must balance those stated reasons "against the burden of delay on the [ ] Court." *Bjorgung*, 550 F.3d at 266 (citation omitted).

With respect to undue prejudice, the Third Circuit has recognized "that 'prejudice to the non-moving party is the 'touchstone for the denial of an amendment.'" *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (quotation omitted). "In determining whether amendment of a pleading will cause undue prejudice, the Court must 'focus on the hardship to the [non-moving party] if the amendment were permitted.'" *Conrad v. Lopez De Lasalle*, 681 F. Supp. 3d 371, 383 (D.N.J. 2023) (quoting *Cureton*, 25 F.3d at 273) (alteration in original). "Prejudice becomes 'undue' when the opponent shows it would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered." *Id.* (cleaned up) (quotation omitted). Accordingly, courts "consider[] whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d at 273; *see also Long v. Wilson*, 393 F.3d 390 (3d Cir. 2004) (an amendment is unduly prejudicial if it would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." (quotation omitted)).

Even where amendment is proper under Rule 15, however, Section 1447(e) provides that "[i]f[,] after removal [to federal court,] the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the

21

court may deny joinder, or permit joinder and remand the action to the State court."

28 U.S.C. § 1447(e).  In this context, courts in the Third Circuit must "'scrutinize

[the] motion[ ] to amend more carefully.'"  *Brainbuilders, LLC v. Optum, Inc.*,

Civ. No. 18-638 (JMV), 2019 WL 2315389, at *2 (D.N.J. May 31, 2019) (quoting *City*

*of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 746 (D.N.J. 2008)).[8]

To determine whether amendment is appropriate even if it would destroy diversity

jurisdiction, courts in this District "have adopted a flexible and equitable approach"

set forth by the Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182

(5th Cir. 1987).  *City of Perth Amboy*, 539 F. Supp. 2d at 746.  Under this approach,

the so-called "*Hensgens* factors" guide the Court's analysis:  "(1) whether the

purpose of the plaintiff's motion is to defeat diversity jurisdiction; (2) whether the

plaintiff was dilatory in seeking to amend the complaint; (3) whether plaintiff will

be prejudiced if the motion is not granted; and (4) any other equitable factors."

*Stavitski v. Safeguard Props. Mgmt., LLC*, Civ. No. 17-2033 (AET), 2018 WL

501646, at *2-3 (D.N.J. Jan. 22, 2018) (quoting *Rodriguez v. Walmart*, Civ. No.

16-9338 (SCM), 2017 WL 6508357, at *2 (D.N.J. Dec. 20, 2017) (citing *Hensgens*,

833 F.2d at 1182))).

---

8      According to the complaints in the *C.S.* and Jane Doe Actions, C.S. and Jane
Doe are both New Jersey citizens, and their joinder as defendants in this case
(as set forth in plaintiffs' proposed amended complaint) would destroy diversity
jurisdiction because plaintiffs are also New Jersey citizens.  [Dkts. 23-3, 23-4.]

### 2.    Analysis

The Court's analysis under Rule 15 and Section 1447(e) is similar and overlaps substantially.  Here, the Court concludes under both provisions that permitting plaintiffs to join C.S. and Jane Doe at this stage is not appropriate.

#### a.    Rule 15

The Court begins its analysis by addressing amendment under Rule 15. As discussed above, USLI argues that plaintiffs' motion to amend should not be permitted under Rule 15 because of undue delay and resulting prejudice.  [Dkt. 29] at 11.  The Court agrees.

First, the Court concludes that plaintiffs' motion to amend is the product of undue delay.  The underlying *C.S.* and *Doe* Actions were initiated well before this litigation.  [Dkt. 1] ¶ 1; [Dkts. 23-3, 23-4.]  Specifically, the *C.S.* Action was filed on June 26, 2023 and the *Doe* Action was filed on December 24, 2024; plaintiffs filed this action in state court on January 29, 2025.  *Id.*  Plaintiffs do not contend that newly discovered information in either of the underlying actions (or this case) now requires adding C.S. and Jane Doe to this case, or that their proffered interests in this case were recently realized.  Nonetheless, plaintiffs did not move to amend until after (i) the parties agreed to forego discovery; (ii) more than a year had passed since this litigation was originally filed; and (iii) USLI's motion for summary judgment motion was fully briefed.  Plaintiffs' delay in asserting claims regarding the *Doe* Action and adding C.S. and Jane Doe as parties to this action, in short, was undue.

23

Allowing plaintiffs to add allegations related to the *Doe* Action and to add C.S. and Jane Doe as parties to this action at this juncture also would result in an unwarranted burden on the Court and USLI.  Here, "the parties agreed that, prior to any discovery taking place, USLI could proceed with its motion for summary judgment on the parties' coverage dispute, which presents questions of law, not fact." [Dkt. 29] at 11.  Pursuant to that agreement, the parties filed their summary judgment briefing pursuant to a bundling procedure on January 31, 2026 and February 2, 2026—roughly one week before plaintiffs filed their letter requesting leave to file a motion to amend.  [Dkts. 16-21.]

Granting plaintiffs' motion would, at the very least, disrupt the pending motion for summary judgment.  Moreover, it is possible—likely, even—that C.S. and/or Jane Doe would enter into the case and demand discovery before summary judgment, which could significantly disrupt the case schedule and increase costs for everyone.  And, as addressed separately below, adding C.S. and Jane Doe to this action would also destroy diversity jurisdiction.  Allowing plaintiffs' to amend their complaint would thus significantly delay the resolution of this case to address claims and incorporate parties that "could have been—but inexplicably w[ere] not— [added to the litigation] at a much earlier juncture in the case," resulting in significant prejudice to USLI and an unwarranted burden on the Court.  *King Pharms., Inc. v. Teva Pharms. USA, Inc.*, Civ. No. 05-3855 (JAP), 2007 WL 2261547, at *3 (D.N.J. Aug. 3, 2007) (denying motion to amend on grounds of undue delay and undue prejudice); *see also IQVIA Inc. v. Veeva Sys., Inc.*, Civ. No. 17-177 (JSA),

2022 WL 111059, at *4 (D.N.J. Jan. 12, 2022) ("The Third Circuit has repeatedly affirmed the denial of motions to amend made after lengthy periods of delay when the amendment would result in prejudice to the Court or additional delay in the proceedings." (collecting cases)).

The Court thus concludes that amendment is not appropriate under Rule 15.

### b.    Section 1447(e)

The Court next addresses amendment under Section 1447(e) by applying the *Hensgens* factors. The first factor instructs courts to assess "whether the purpose of [ ] plaintiff[s'] motion is to defeat diversity jurisdiction." *Stavitski*, 2018 WL 501646, at *2 (quotation omitted). As noted above, plaintiffs' proposed amendments here are predicated on the underlying *C.S.* and *Doe* Actions, both of which were initiated before plaintiffs filed this action in state court on January 29, 2025. [Dkt. 1] ¶ 1; [Dkts. 23-3, 23-4]. Thus, "it appears clear that [plaintiffs] ha[ve] been aware of any purported interest or involvement that [C.S. and Jane Doe] may have in the present matter," but in their motion "do[ ] not present new facts explaining why [they] seek[] to add [C.S. and Jane Doe] as [defendants] at this juncture." *Sun*, 2020 WL 5406171, at *6. Beyond that, the Court does not sense any bad faith by plaintiffs, and the Court cannot determine one way or the other plaintiffs' ultimate purpose in seeking to join C.S. and Jane Doe. The first *Hensgens* factor is neutral.

The second factor is "whether [ ] plaintiff[s] w[ere] dilatory in seeking to amend the complaint." *Stavitski*, 2018 WL 501646, at *2 (quotation omitted). For the same reasons it determined that plaintiffs unduly delayed seeking leave to amend, *see supra* § II.C.2.a, the Court also concludes that plaintiffs were dilatory in

25

seeking to amend. The second *Hensgens* factor thus weighs strongly against granting plaintiffs' motion.

The third and fourth *Hensgens* factors likewise weigh against permitting plaintiffs to join C.S. and Jane Doe at this time. The third factor directs courts to determine "whether plaintiff[s] will be prejudiced if the motion is not granted" and the fourth factor asks courts to consider "any other equitable factors." *Stavitski*, 2018 WL 501646, at *2 (quotation omitted). Here, plaintiffs do not argue that they will be prejudiced if their proposed amendments are not allowed. To the extent their motion can be interpreted to argue that they "will be prejudiced if [ ] necessary and indispensable part[ies], i.e. [C.S. and Jane Doe], [are] not joined in the action," the Court "has already determined that [C.S. and Jane Doe] [are] neither necessary nor indispensable under Rule 19." *Sun*, 2020 WL 5406171, at *7. Plaintiffs also make no argument regarding equitable factors, such as "judicial efficiency and economy," *City of Perth Amboy*, 539 F. Supp. 2d at 749, and the Court cannot identify "any other equitable factors," *Stavitski*, 2018 WL 501646, at *2 (quotation omitted), that may potentially weigh in favor of plaintiffs under the circumstances. If anything, the equities lie in USLI's favor, given the significant prejudice (set out above) that would result if amendment were permitted. *See supra* § II.C.2.a. The Court concludes that the third and fourth *Hensgens* factors also weigh against plaintiffs' request to add C.S. and Jane Doe to this action.

The Court thus concludes that amendment is not appropriate under Section 1447(E).

26

*

Because plaintiffs' proposed amendments are the product of undue delay and will unduly prejudice USLI, and because three of the four *Hensgens* factors weigh against granting plaintiffs' motion to amend the complaint and add C.S. and Jane Doe to this case, the Court will deny plaintiffs' motion to amend under both Rule 15 and Section 1447(e).

## III.    CONCLUSION

For the reasons stated, plaintiffs' motion for leave to file an amended complaint [Dkt. 23] is DENIED.

**IT IS SO ORDERED** this 4th day of May, 2026.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE

27